### ROSS v. SOUTHERN SURETY CO. †
#### (No. 5321.)

(Court of Civil·Appeals of Texas. Austin. June 24, 1914. Rehearing Denied Oct. 14, 1914.)

1. INSURANCE (§ 21*)—FOREIGN COMPANIES—BOND.

A bond given by a foreign insurance company in strict compliance with Act March 20, 1909 (Acts 31st Leg. c. 102) § 1, which requires that such companies give bond to pay all their lawful obligations and is limited by section 3 to obligations arising out of contracts of insurance, was a valid statutory bond, though it did not contain such limitation in express terms.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 23; Dec. Dig. § 21.*]

2. INSURANCE (§ 21*)—FOREIGN COMPANIES—BONDS—RIGHT OF ACTION.

A judgment against a foreign insurance company on a contract of agency, and not on a contract of insurance, gives no right of action on a bond given pursuant to Act March 20, 1909 (Acts 31st Leg. c. 102) §§ 1, 3, requiring that foreign fire insurance companies give bonds to the state conditioned for the payment of all lawful obligations arising out of contracts of insurance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 23; Dec. Dig. § 21.*]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by Harvey B. Ross against the Southern Surety Company. From judgment for defendant, plaintiff appeals. Affirmed.

E. J. Clark, W. R. Saunders, Geo. W. Cole, and Scott & Ross, all of Waco, for appellant. Sleeper, Boynton & Kendall, of Waco, and Burwell, Crockett & Johnson, of Oklahoma City, Okl., for appellee.

KEY, C. J. On the 16th day of May, 1910, the Oklahoma Fire Insurance Company, as principal, executed a bond with the Southern Surety Company as surety, in the sum of $10,000, payable to, and approved by, the commissioner of insurance and banking of the state of Texas. The bond recited upon its face that it was executed pursuant to the requirement of the laws of Texas, and contained the following stipulation:

"However, the condition of the above and foregoing is such that, if the above designated and bounden principal shall well and truly pay all its lawful obligations to any and all citizens of the state of Texas, and also any and all sums of money for reinsurance for which said principal may be or become liable under the foregoing terms and provisions of this instrument, said obligation shall thereupon become and be null and void; otherwise to be and remain in full force and effect."

On the 12th day of May, 1913, Harvey B. Ross brought this suit against the Southern Surety Company, and sought to recover a judgment against that company, basing his cause of action upon the fact that on the 28th day of November, 1912, he had recovered a judgment against the Oklahoma Fire Insurance Company for $9,177, for a breach of a contract of agency, from which he alleged no appeal had been taken.

The answer of the surety company, among other things, contained a general demurrer and two special exceptions. The trial court sustained the general demurrer and special exceptions to the plaintiff's petition, and, the latter declining to amend, the suit was dismissed, and the plaintiff has appealed, and assigns error upon the rulings referred to.

[1] In their brief counsel for appellant seem to assume that the bond sued on does not comply with the statute, and is insufficient as a statutory bond, but they contend that it may be enforced as a common-law obligation. They have not pointed out in what respect it fails to comply with the act of March 20, 1909 (Laws 1909, c. 102), requiring nonresident insurance companies to give bond in order to obtain authority to transact business in this state. That statute was construed by the Supreme Court in Ætna Insurance Co. v. Hawkins, 103 Tex. 195, 125 S. W. 313, in which it was, in effect, held that such a bond as the one now under consideration would be a substantial compliance with the statute, and that the provision of the first section requiring the bond to be conditioned for the payment of all lawful obligations to citizens of this state is limited, by section 3, to obligations to citizens of this state arising out of policies or contracts of insurance. In other words, the court held that section 3 was a limitation upon section 1, and that, when a bond was executed as provided by section 1, the legal effect of such bond was limited by section 3 to obligations arising out of policies or contracts of insurance issued by fire insurance companies. The bond in question is in strict compliance with section 1; and therefore we hold that it is a valid, statutory bond.

[2] We might stop here as appellant's brief seems to concede, inferentially at least, that, if the bond sued on is a statutory obligation, he is not entitled to recover; but we deem it proper to say that he is not entitled to maintain an action upon this statutory bond, because he is not one of that class of persons for whose benefit and protection the statute requiring the bond was enacted. In other words, his petition shows that his judgment against the Oklahoma Fire Insurance Company was based upon a contract of agency, and not upon a policy or contract of insurance; and it is the latter class of contracts, and not any other,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
† Application for writ of error pending in Supreme Court.

that comes within the purview and protection of the statute, as was held in Ætna Insurance Co. v. Hawkins, supra.

Hence we hold that the trial court ruled correctly when it sustained the general demurrer to the plaintiff's petition, and therefore the judgment appealed from is affirmed.

Affirmed.